1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ANTHONY TAYLOR,
11          Petitioner,              No. CIV-S-05-0860 DFL GGH P
12      vs.
13  C. EVANS, Warden,                ORDER
14          Respondent.
15  _____/
16          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of
17  habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma
18  pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).
19  Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of
20  a request to proceed in forma pauperis or submit the appropriate filing fee within thirty (30) days.
21          Since petitioner may be entitled to the requested relief if the claimed violation of
22  constitutional rights is proved, respondent will be served with the petition, but shall not file a
23  response at the present time.
24          Petitioner has requested appointment of counsel. In light of the length of
25  petitioner's sentence, the court has determined that the interests of justice require appointment of
26  counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th

1

Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; the Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

2. Petitioner's May 2, 2005 request for appointment of counsel is granted; the Federal Defender is appointed to represent petitioner;

3. Counsel is directed to contact the Clerk's Office to make arrangements for copies of the file;

4. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

    a. The number of days petitioner's counsel estimates it will take to file either:

        1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

        2. An amended petition which will proceed on exhausted claims only; or

        3. A statement which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.[2]

---

[1] Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).

[2] If not all claims in the original petition are exhausted, an amended "exhausted claims only" petition must be filed along with the statement indicating petitioner's intent to pursue unexhausted claims and **good cause for petitioner's having failed to exhaust before filing in federal court**. Of course, if no claims in the original petition have been exhausted, the case must

        b. Discovery and investigations;

        c. Anticipated motions;

        d. The need for and timing of an evidentiary hearing;

        e. Enumeration and resolution of unexhausted claims; and

        f. Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

        5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jo Graves, Senior Assistant Attorney General.

DATED: 6/9/05

    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tayl0860.110ggh+

---

be dismissed as opposed to stayed.