IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TAYLOR,

     Petitioner,            No. CIV S-05-0860 DFL GGH P

  vs.

C. EVANS, Warden,

     Respondent.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

*Introduction and Summary*

        Respondent moves to dismiss on account of one allegedly unexhausted issue – an ineffective assistance of appellate counsel claim because counsel did not raise on appeal petitioner's contention that Juror 4 knew a witness in the case and even talked to the witness about the case. Respondent correctly concedes that the parallel "straight" juror misconduct claim (unfiltered through an assertion of ineffective assistance) was exhausted.

        The court finds that the issue is not exhausted, but that the unexhausted claim should be stricken, as opposed to requiring dismissal of the entire petition. The outcome here may seem surprising to petitioner's counsel given the court's strong, tentative views for the opposite outcome expressed at hearing. However, the undersigned was wrongly focused on the "look through" doctrine of <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 111 S. Ct. 2590 (1991), which

presumes for a merits or procedural default ruling that a "silent denial" of a higher court relied on the explicated reasoning of a lower court's opinion.  <u>Ylst</u> presumes, however, that the claim(s) at issue were clearly exhausted in a petition for review or petition for habeas corpus.  On the other hand, for exhaustion purposes, i.e., in determining the claims raised, the Supreme Court has held that the state's highest court is not to be tasked with reviewing the decisions of the courts below. <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347 (2004).

*Discussion*

The undersigned will dispense with a blow-by-blow description of all the issues raised in the various state appeals/petitions and the federal petition.  Only the above described claims are in issue, and the time of their presentation is not material to the outcome of the exhaustion motion.  Thus, the undersigned will set forth only the presentation of the claim at issue.

By virtue of a habeas corpus petition filed in the state supreme court (Lodged Document 11), petitioner claimed: "Petitioner's rights to a jury trial by a fair and impartial jury and Due Process were violated...."  Specifically:

> (1) The trial court erred in not excusing Juror Number 4, after a hearing where it was revealed Juror Number 4 had a conversation with the states (sic); it was also revealed that Juror Number 4 knew the states (sic) witness prior (sic) Petitioner[']s trial; which violated Petitioner[']s right to trial by a fair and impartial jury. Guaranteed under the 6th and 14th Amendments of the Federal Constitution;

Lodged Document 11 at Table of Contents.

Respondent concedes that the "straight" juror misconduct claim was exhausted.

Petitioner filed this claim on a standard form provided by the state courts. Petitioner did not brief any claim for ineffective assistance of appellate counsel.  At paragraph 10 on the form, petitioner was asked: "If your petition makes a claim regarding your conviction ... that you or your attorney did not make on appeal, explain why the claim was not made on appeal."  Petitioner wrote: "Appellate counsel was ineffective."

In the operative federal petition filed March 9, 2006, an express claim for ineffective assistance of appellate counsel was made:

> [P]etitioner was deprived of his right to the effective assistance of counsel when his court appointed counsel failed to argue on appeal that [the] trial court erred when it denied trial counsel's motion to dismiss Juror No. 4 from the jury on the ground that he was biased by his contact with witness Christopher Howell...

Petitioner dropped from his operative petition the "straight" claim of juror bias that petitioner had exhausted.[1]

There is no doubt in the court's mind that the issue of ineffective assistance of appellate counsel was not fairly presented to the California Supreme Court.

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the ""opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese  541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).

In his state petitions, petitioner carefully segregated his actual claims. Responding to a question on another part of the form asking why a claim was not, in essence, procedurally defaulted, does not itself state a substantive claim. Ineffective assistance of appellate counsel was not briefed or otherwise referenced in the discussion about the claims made. Such cannot be a "fair presentation" of claims made.

\\\\\

---

[1] Perhaps counsel reasoned that the California standards for juror bias were more favorable to petitioner than the federal "straight" standards. Alleging ineffective assistance of counsel would enable petitioner to claim that his appellate counsel was ineffective for not urging the California standard in state appellate court.

However, petitioner challenges this outcome by pointing to the decision of the *Superior* Court which, when viewing the very same form and briefing, had deciphered a claim of ineffective assistance of appellate counsel. The Superior Court did reach the merits of this supposed claim, and ruled upon it. See Lodged Documents 9 and 10.

Nevertheless, the fact that petitioner was lucky in the Superior Court to have such a claim recognized does not mean that its continued hidden status should have been recognized by the higher courts. Baldwin itself held that exhaustion was not satisfied simply because a lower court may have referenced or ruled upon the claim at issue; the higher courts would not be expected to review the decisions of the lower courts in order to decipher claims. Baldwin, 541 U.S. at 31, 124 S. Ct. at 1350. The fact remains that answering a question about procedural default on a form does not mean that a claim was substantively made – such a claim is not "fairly presented."

*Conclusion*

Respondent's motion to dismiss for lack of exhaustion of one claim, should be construed as a motion to strike the unexhausted claim. The undersigned finds that petitioner's claim regarding ineffective assistance of appellate counsel is unexhausted, and should be stricken.

Accordingly, IT IS RECOMMENDED that respondent's motion to dismiss filed on June 5, 2006, for petitioner's failure to exhaust the ineffective assistance of appellate counsel claim, construed as a motion to strike the unexhausted claim, be granted and this matter proceed on the remaining claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1  shall be served and filed within ten days after service of the objections. The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: 11/7/06

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
tayl0860.fr