1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY TAYLOR,

11               Petitioner,               No. CIV S-05-0860 RRB GGH P

12        vs.

13   C. EVANS, Warden,

14               Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17               Petitioner's pending motion for leave to file a second amended petition was filed

18   on April 9, 2007, and came on for hearing on May 10, 2007.  Eric Weaver represented petitioner;

19   Peter Smith appeared for respondent.  After hearing oral argument, the court set a schedule for

20   further briefing with respect to the question of why petitioner omitted the claim of juror bias

21   from his original federal petition (after having exhausted this "straight" claim in state court),

22   ordering that petitioner's counsel file a declaration from petitioner within thirty days (of the May

23   10, 2007, hearing), with any response by respondent due within twenty days thereafter.  See,

24   Order, filed on May 14, 2007.

25   \\\\\

26   \\\\\

1

1         The original petition was filed pro se on May 2, 2005 (April 28, 2005, per the

2   mailbox rule[1]).  Counsel for petitioner was appointed by Order, filed on June 10, 2005.

3   Petitioner's present counsel, Eric Weaver, was substituted in by Order, filed on June 23, 2005.

4   The first amended petition was filed on March 9, 2006.  Respondent moved for dismissal of the

5   first amended petition for failure to exhaust state court remedies as to one of the five claims

6   therein set forth, a claim of ineffective assistance of appellate counsel for failure to appeal the

7   denial of trial counsel's motion to dismiss Juror No. 4, on the ground that he knew a witness in

8   the case and talked to the witness about the case.  The court noted in its findings and

9   recommendations, filed on November 7, 2006, that petitioner had exhausted the "straight" juror

10  misconduct claim in a habeas petition to the state supreme court and that respondent conceded

11  the point.  Findings and Recommendations, filed on 11/07/06, pp. 1-2.  The court construed

12  respondent's motion as a motion to strike the unexhausted ineffective assistance of appellate

13  counsel claim and recommended granting the motion as so construed and proceeding on the

14  remaining claims.  The findings and recommendations were adopted by Order, filed on March

15  19, 2007.

16        On that same day, March 19, 2007, petitioner filed a second amended petition

17  with a supporting memorandum, but without an accompanying motion for leave to amend, after

18  which, by Order, filed on 3/30/07, respondent was granted, inter alia, ten days to file any

19  opposition to the filing of the second amended petition request for leave to amend.[2]  In the

20  second amended petition, petitioner raised for the first time in federal court, the exhausted

21  straight juror bias claim with respect to the trial court's refusal to dismiss Juror no. 4.  Second

22

23      [1] Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro

24  se prisoner who delivers habeas petition to prison officials for the court within limitations
    period).

25      [2] The court noted therein Fed. R. Civ. P. 15(a) granted a party leave to amend "***once*** as a

26  matter of course at any time before a responsive pleading is served...."  Order, filed on 3/30/07
    (emphasis added in original order).

1  Amended Petition, p. 6.  Respondent opposed the filing of the second amended petition without

2  petitioner's having sought leave of court, after which petitioner filed a motion for leave to

3  amend, on April 9, 2007, conceding that, pursuant to Rule 15(a) of the Federal Rules of Civil

4  Procedure, counsel should have filed such a motion with the proposed second amended petition.

5  Respondent filed an opposition on April 25, 2007.  Thereafter, petitioner filed a reply on May 2,

6  2007.

7  Motion for Leave to Amend

8          Because there is no dispute that the filing of the first amended petition, on March

9  9, 2006, was untimely under the AEDPA statute of limitations, the court finds it unnecessary to

10  engage in a detailed analysis of precisely when the statute of limitations ran, whether on

11  September 18, 2005, as respondent maintains,[3] or at the latest, on January 21, 2006, as petitioner

12  contends.[4]  As the undersigned made clear at the hearing, the pertinent question in this case is

13  whether or not equitable tolling is applicable to render the first amended petition timely filed.

14          Rule 15(c)(2) of the Federal Rules of Civil Procedure permits an amendment to a

15  pleading filed beyond the statute of limitations to relate back to the date of the original pleading

16  if the asserted claim "arose out of the conduct, transaction, or occurrence set forth or attempted to

17  be set forth in the original pleading...."  Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574

18  (2005) ("[s]o long as the original and amended petitions state claims that are tied to a common

19  core of operative facts, relation back will be in order").  The court does not find persuasive

20  respondent's argument that the undisputedly exhausted straight juror bias claim raised for the

21  first time in the second amended petition should not relate back to the first amended petition, at

22  least to the extent that the first amended petition could be deemed timely filed.  (Of course,

23  respondent is correct that the claim does not relate back to any claim within the original petition,

24

25          [3] Opposition, p. 7.

26          [4] Reply Brief in Support of Motion for Leave to File Second Amended Petition, p. 6.

1  as petitioner concedes).  As the undersigned observed at the hearing, a straight claim is

2  necessarily encompassed within an ineffective assistance of counsel claim as the second

3  (prejudice) prong of the two-part analysis required for ineffective assistance claims, under

4  Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), while the reverse is not true.

5  Nor does the court find meritorious respondent's argument that because the ineffective assistance

6  claim was stricken from the first amended petition there was no claim for the straight juror bias

7  claim to which to relate back.  The unexhausted claim was not stricken with prejudice, and the

8  fact that it was stricken in order for the petition to proceed on exhausted claims only does not

9  equate to a finding that the claim was never brought "or attempted to be set forth...."  Rule

10  15(c)(2).

11          On the other hand, the court also does not find that petitioner's contention that

12  respondent effectively or knowingly waived the statute of limitations argument by failing to

13  include it as a separate ground within the motion to dismiss the first amended petition (as

14  unexhausted).  The case cited, Day v. McDonough, 547 U.S. 198, 202, 126 S. Ct. 1675, 1679-81

15  (2006), in support of the proposition that a district court would be found to have abused its

16  discretion if it attempted to raise the timeliness of habeas petition sua sponte when the statute of

17  limitations has been knowingly waived does not appear apposite.  In fact, in Day, supra, at 202,

18  126 S. Ct. at 1679-80, when confronted with the question of whether a federal court has the

19  authority, sua sponte, to dismiss a petition on grounds of untimeliness, once an answer has been

20  filed without timeliness having been contested, the Supreme Court held that "the federal court

21  had discretion to correct the State's error and, accordingly to dismiss the petition as untimely

22  under AEDPA's one-year limitation."[5]  Moreover, the Ninth Circuit authority, Morrison v.

23  Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005), on which petitioner relies for the holding that the

24

25          [5] In Day, supra, in dicta, while the Supreme Court did note that overriding a state's
deliberate waiver of the defense would count as an abuse of discretion, the court found in the
instance where an answer had been filed to a habeas petition expressly but erroneously stating

26  that the petition was timely filed, that the waiver was not thereby an intelligent waiver.

1    state waives its right to present a statute of limitations defense if it does not raise that defense in

2    the answer also does not help petitioner because, as petitioner notes an answer has not yet been

3    filed.  Petitioner points to no authority requiring that all affirmative defenses in habeas must be

4    raised in an initial motion to dismiss contesting exhaustion.

5    <u>Equitable Tolling</u>

6            Thus, the issue that remains is whether petitioner is entitled to equitable tolling for

7    the delay in filing the first amended petition. "Generally, a litigant seeking equitable tolling bears

8    the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and

9    (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408,

10   418, 12 S. Ct. 1807, 1814 (2005); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002) (a

11   habeas petitioner bears the burden of proving that equitable tolling should apply to avoid

12   dismissal of an untimely petition).  "Equitable tolling is unavailable in most cases," and is only

13   appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to

14   file a petition on time." <u>Miranda</u>, <u>supra</u>, at 1066 (internal quotations/citations omitted [emphasis

15   added in <u>Miranda</u>]).  A petitioner must reach a "very high" threshold "to trigger equitable tolling

16   [under AEDPA]...lest the exceptions swallow the rule." <u>Id</u>.

17           In <u>Calderon v. U.S. District Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997),

18   <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly)</u>, 163

19   F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by <u>Woodford v. Garceau</u>, 538 U.S.202, 123

20   S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably

21   tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the

22   petition on time.  "In addition, '[w]hen external forces, rather than a petitioner's lack of

23   diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'"

24   <u>Lott v. Mueller</u>, 304 F.3d 918, 922 (9th Cir. 2002), quoting <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107

25   (9th Cir. 1999).

26   \\\\\

1    Equitable tolling will not be available in most cases because tolling should only

2    be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him

3    to file a petition on time.  Beeler, 128 F.3d at 1288-89.  As held in Beeler,  "[w]e have no doubt

4    that district judges will take seriously Congress's desire to accelerate the federal habeas process,

5    and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.

6    "Mere excusable neglect" is insufficient as an extraordinary circumstance.  Miller v. New Jersey

7    Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does

8    not constitute such extraordinary circumstances.  See Hughes v. Idaho State Bd. of Corrections,

9    800 F.2d 905, 909 (9th Cir. 1986).

10    In the Calderon (Beeler) case, the Court of Appeals held that the district court

11    properly found equitable tolling to allow Beeler more time to file his petition.  Beeler's lead

12    counsel withdrew after accepting employment in another state, and much of the work he left

13    behind was not usable by replacement counsel – a turn of events over which the court found

14    Beeler had no control.  The Court of Appeals held that the district court properly found these

15    were "extraordinary circumstances" sufficient to toll the statute of limitations.[6]  The Ninth

16    Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163

17    F.3d 530.  The three reasons given which independently justified tolling were: a district court

18    stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency

19    until a reasonable time after the court makes a competency determination, and the fact that

20    petitioner did at one time have timely habeas proceedings pending which were mistakenly

21    dismissed, not as a result of any doing by petitioner.  Id. at 541-42.  See also Corjasso v. Ayers,

22    278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling);

23    Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust

24

25    [6]  See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court
     applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition
26    for certiorari until thirteen months after the denial was entered.

1 account, preparing and mailing filing fee were circumstances beyond his control, qualifying him

2 for equitable tolling).

3         Conversely, in <u>U.S. v. Van Poyck</u>, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997),

4 the court found that a petitioner's circumstances were not extraordinary in the following

5 circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

6 preventing the prisoner's access to the library and a typewriter which were necessary to his

7 motion. <u>See also</u> <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on

8 incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default);

9 <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll

10 statute); <u>Eisermann v. Penarosa</u>, 33 F. Supp. 2d 1269, 1273 (D.Haw. 1999) (lack of legal

11 expertise does not qualify prisoner for equitable tolling); <u>Henderson v. Johnson</u>, 1 F. Supp. 2d

12 650, 656 (N.D. Tex. 1998) (same); <u>Fadayiro v. United States</u>, 30 F. Supp. 2d 772, 779-80 (D.N.J.

13 1998) (delay in receipt of transcripts does not justify equitable tolling).

14         In <u>Spitsyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003), on which petitioner seeks to

15 rely, the Ninth Circuit stated that attorney misconduct had to be "sufficiently egregious" to

16 constitute the requisite "extraordinary circumstances" required to justify equitable tolling for a

17 petitioner. <u>Spitsyn</u>, <u>supra</u>, at 800, quotes <u>Ford v. Hubbard</u>, 330 F.3d 1086, 1106 (9th Cir. 2003)[7]

18 ("there are instances in which an attorney's failure to take necessary steps to protect his client's

19 interests is so egregious and atypical that the court may deem equitable tolling appropriate").

20         As grounds supporting petitioner's request for equitable tolling, petitioner's

21 counsel avers, inter alia, that the claim at issue was the only claim presented in his state habeas

22 petitions proving its signal importance to him, notwithstanding petitioner's failure to include it in

23 the original petition. <u>See</u> Reply, pp. 6-8. Counsel maintains that had petitioner pro se's request

24 for a stay been granted, which pro se request for a stay was vacated by Order, filed on 9/20/05, on

25

26     [7] Judgment vacated and case remanded on other grounds by <u>Pliler v. Ford</u>, 542 U.S. 225,
124 S. Ct. 2441 (2004).

1  the ground that petitioner had been appointed counsel (by Order, filed on 6/10/05), the statute

2  would have been tolled for more than enough time to find the claim timely filed (although, as to

3  this point, the court has noted earlier herein that too vague a basis was set forth for the granting

4  of such a motion to have been warranted; moreover, the claim at issue had been previously

5  exhausted).[8]  Petitioner's counsel points to his having informed the court in his unopposed

6  request for an extension of time to file a joint scheduling statement, filed on 7/05/05, that he had

7  written petitioner, on 7/01/05, a second letter for more information about the basis of his request

8  for a stay; that in his 8/16/05 joint status report he explained that he was still investigating

9  potentially unexhausted claims; that, in particular, he notified the court that he had to that date

10  made unsuccessful efforts to obtain a copy of trial counsel's file;[9] that in a second status report,

11  filed on 11/18/05, counsel informed the court that despite repeated phone calls trial counsel had

12  not provided the case file and that he had been compelled to file a state bar complaint to obtain

13  the files; that on 1/17/06, he sought an extension of time for filing amended pleadings, telling the

14  court that the state bar had not begun working to obtain the files until 1/08/06, and that he did not

15  actually obtain the case files until 1/17/06.  Petitioner also notes in his reply and a supporting

16  (second) declaration that he was aware of the 1/21/06 date of his own calculation of when the

17

18      [8] The Order, filed on 9/20/05, also contains the following direction as to what must be
   shown to successfully seek a stay, p. 2, in the third order clause: "Petitioner's counsel must file a
19  further status report on or before November 21, 2005, informing the court whether or not
   petitioner will stand on his current petition of exhausted claims only, will seek a stay and
20  abeyance of the original petition, pending exhaustion of additional claims, or will file an
   amended petition; should petitioner's counsel seek a stay and abeyance, he must identify all
21  unexhausted claims on which petitioner intends to proceed and must demonstrate good cause for
   petitioner's having failed to exhaust state court remedies as to any claim prior to filing his
22  original petition, pursuant to Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005)."  The earlier
   Order, filed 6/10/05, p. 2, appointing counsel, also sets forth the how petitioner's counsel must
23  proceed if seeking a stay, also citing Rhines, supra.

24      [9] Petitioner does not note herein that in the 8/16/05 joint status report (p. 2), he also
   referenced petitioner pro se having filed a request for a stay "without specifying which issues he
25  seeks to exhaust," thus implicitly conceding that no adequate basis for a stay had been presented
   to the court.  Also, again, the straight juror bias claim had already been exhausted prior to the
26  filing of the federal petition.

1   statute would have run.  Second Declaration of Eric Weaver, pp. 1-2.[10]  Also, petitioner observes

2   that he had informed the court that petitioner had exhausted two claims not alleged in the original

3   petition, which petitioner avers demonstrates his awareness of the pending expiration of time.

4   Petitioner's counsel, contends therefore, that he was "clearly aware" of the status of the claims,

5   but was so focused on meeting the requirement to bring all potential claims in one petition and

6   on compelling trial counsel to turn over the case files, that he failed either to file an amended

7   petition timely or to request a stay and abeyance, a procedure of which he is aware and has

8   followed elsewhere.  Second Weaver Dec., p. 2.  Moreover, counsel re-emphasizes that at all the

9   relevant times, it was either he or trial counsel, but not petitioner, who had possession of the trial

10  transcripts, files and appellate and habeas filings.  Id., at 1.

11          Petitioner also argues that petitioner himself was unusually diligent in his pro se

12  status in pursuing his own claims through all three levels of state courts, in spite of being

13  allegedly subjected to lockdowns and limited law library access and he filed his federal petition a

14  short time following the denial of his state supreme court petition, and soon thereafter sought a

15  stay.

16          Petitioner cites an unpublished district court case, Miller v. State of Idaho, No.

17  CV 05-470 C-MHW, 2006 U.S. Dist. Lexis *7-11 [2006 WL 1382201 *2-3], (D. Idaho 2006),

18  wherein a petitioner was granted equitable tolling for a significantly longer period of time than is

19  at issue here, almost three years, when he relied on one written assurance from his counsel that

20  habeas matters are time-consuming and that not hearing from counsel meant nothing was

21  happening.

22          Petitioner also relies on Spitsyn v. Moore, supra, 345 F.3d at 800-802, wherein the

23  Ninth Circuit weighed a number of factors to support the claim for equitable tolling by a

24  petitioner with counsel, including (1) whether an attorney promised to make timely filings but

25

26      [10] Actually, in the declaration, petitioner's counsel sets forth that his calculation in his
letter to petitioner was that the statute would run on 1/11/06.  Second Weaver Dec. ¶ 3.

1   did not; (2) whether attorney had control of petitioner's legal files; (3) whether petitioner could

2   reasonably have filed a petition on his own; (4) whether petitioner could reasonably have hired

3   another lawyer.  In addition, it was noted that a petitioner who has been denied access to his legal

4   files may qualify for equitable tolling.  Spitsyn, 345 F.3d at 801, citing Lott v. Mueller, supra,

5   304 F.3d at 924.

6            The circumstances considered in Spitsyn, however, as respondent accurately

7   observes, are of a different order of magnitude than those which occurred herein:

8                Though [attorney Huffhines] was hired nearly a full year in
                 advance of the deadline, Huffhines completely failed to prepare
9                and file a petition.  Spitsyn and his mother contacted Huffhines
                 numerous times, by telephone and in writing, seeking action, but
10               these efforts proved fruitless.  Furthermore, despite a request that
                 he return Spitsyn's file, Huffhines retained it for the duration of the
11               limitations period and more than two months beyond.  That
                 conduct was so deficient as to distinguish it from the merely
12               negligent performance of counsel in Frye and Miranda. The fact
                 that the attorney retained by petitioner may have been responsible
13               for the failure to file on a timely basis does not mean that petitioner
                 can never justify relief by equitable tolling. "As a discretionary
14               doctrine that turns on the facts and circumstances of a particular
                 case, equitable tolling does not lend itself to bright-line rules."
15               Fisher v. Johnson, 174 F.3d 710, 713(5th Cir.1999); accord
                 Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.2000); Harris v.
16               Hutchinson, 209 F.3d 325, 330 (4th Cir.2000).

17   Spitsyn, supra, at 801.

18            As the court observed at the hearing, despite counsel's strenuous efforts to

19   arrogate unto himself all responsibility for the untimeliness of this filing, the puzzling failure of

20   petitioner to bring the exhausted juror bias claim in his original pro se petition remains the actual

21   Achilles' heel for this claim.  In the sworn declaration by petitioner Taylor, he states that he was

22   aware of both the one-year statute of limitations for filing a federal habeas petition and that a

23   state habeas petition would toll the statute.  Declaration of Anthony Taylor, filed on 6/01/07, ¶ 2.

24   He sets forth, inter alia, that his petition for writ of habeas corpus, signed on March 8, 2004, and

25   filed on March 17, 2004, in the California Supreme Court, raising the claim of a deprivation of

26   his Sixth Amendment rights when the trial court refused to dismiss Juror no. 4 as biased by

1   contact with a trial witness, was denied on February 2, 2005, after which he filed his federal

2   petition on May 2, 2005 (signed on April 28, 2005).  Taylor Dec., ¶¶ 3, 5-6.  He avers that he

3   listed all of the claims that had been presented in state court in his federal petition, and, on page

4   5, indicated that he had presented his jury claim to both the state superior court and California

5   Supreme Court and thought that listing his state ineffective assistance of counsel habeas claim

6   was adequate to renew it in federal court.  Id., ¶¶ 6-7.  However, shortly after having filed the

7   original petition in this court, petitioner Taylor declares that he showed it to another inmate who

8   told him that he had to file a separate claim for ineffective assistance of counsel in order to raise

9   it in federal court.  Id., ¶ 7.  It was in order to add that claim, according to petitioner, that, on May

10  18, 2005, he filed a request to stay his petition, and he also sought appointment of counsel

11  because he felt he did not have the necessary legal knowledge to pursue the claim.  Id.

12          His request for appointment of counsel was granted on June 10, 2005, after which

13  petitioner, shortly after June 17, 2005, received correspondence from his newly appointed

14  counsel, who asked for his case transcript and files, upon which petitioner immediately

15  forwarded the documents to Mr. Weaver.  Taylor Dec., ¶ 8.  When, after August 15, 2005,

16  petitioner's counsel wrote outlining his analysis of petitioner's claims, including the jury claim

17  and telling him of his statute of limitations' calculation, his counsel also informed him of

18  difficulties he was encountering in trying to obtain petitioner's trial attorney's file.  Id.  Because

19  he no longer had his own files and his habeas counsel was pursuing his claims, petitioner states

20  he relied on him to amend the petition to add the jury claim before the statute of limitations ran.

21  Id.

22          In an excess of caution, the court has again reviewed the original federal pro se

23  petition and finds no hint that petitioner raised therein either a straight claim of bias with respect

24  to Juror no. 4's alleged bias, or an ineffective assistance of counsel claim related to juror bias as a

25  ground to proceed in this court.  Moreover, the court observed in its previous finding regarding

26  his juror bias claim that it was only by way of a habeas corpus petition filed in the state supreme

court (Respondent's Lodged Document 11), that this claim was implicated.  See, Findings and Recommendations, filed on 11/07/06, p. 2.  Nor as the court has also previously noted did petitioner even in his state supreme court habeas petition brief a claim for ineffective assistance of appellate counsel, stating only in generic fashion that "[a]ppellate counsel was ineffective," in response to a form question as to why an appeal as to any claim was not made.  Id.

Moreover, as to petitioner's request to stay his original petition, alternatively denominated as a motion for leave to amend, nowhere therein does petitioner specify what actual grounds for which he sought a stay to seek further exhaustion, what claims might yet be pending in state court, or what exhausted grounds he might seek to add in an amended petition. Petitioner makes a vague reference to "each of the additional constitutional claims raised below in state court."  Motion for Stay, filed on 5/18/05, p. 5.  The closest he comes to providing any further clue as to the basis for his request is expressed in unsatisfactorily broad and open-ended fashion:

> My aim or intentions for seeking a STAY-AND-ABEYANCE of (ALTERNATIVELY) LEAVE-TO-AMEND is for no other purposes than to ensure my one and [sic] opportunity to be heard in federal court pursuant to 28 U.S.C. § 2254 will include [all] of all [sic] my constitutional claims rather than relying on hopeful piecemeal litigation in the future.

Id.

Despite petitioner's counsel's efforts to impute the reasons for any untimely filing of the first amended petition solely to himself, the court finds that petitioner still has not demonstrated an adequate rationale for having omitted the exhausted juror bias claim in the timely original federal petition.  Nor has petitioner demonstrated the requisite egregious behavior for which equitable tolling might be appropriate.

> We have not applied equitable tolling in non-capital cases where attorney negligence has caused the filing of a petition to be untimely. [Footnote omitted]  In Frye v. Hickman, we considered a petition which was late because petitioner's attorney miscalculated the statute of limitations deadline. We held that "the miscalculation

1

2   of the limitations period by Frye's counsel and his negligence in
    general do not constitute extraordinary circumstances sufficient to
    warrant equitable tolling." 273 F.3d at 1146.  Less than a year

3   later, we reached a similar conclusion in <u>Miranda v. Castro</u>.  The
    petitioner in that case had been given erroneous information by the

4   attorney serving as his appointed counsel for his direct appeal as to
    the deadline for filing a habeas petition, and he subsequently filed

5   his habeas petition after the actual limitations period had run. The
    opinion reiterated <u>Frye</u>'s holding that counsel's miscalculation and

6   negligence in general do not constitute "extraordinary
    circumstances" sufficient to warrant equitable relief and cited

7   numerous sister circuit decisions in accord with this position.  292
    F.3d at 1068.

8   <u>Spitsyn</u>, <u>supra</u>, 345 F.3d at 800.

9           The court is compelled to agree with respondent that, at most, petitioner's counsel

10  has demonstrated negligence in the delayed filing.[11]  As the undersigned indicated at the hearing,

11  when petitioner's counsel valiantly argued that it was his fault, not petitioner's, that he had four

12  months to file an amended exhausted petition before seeking a stay and failed to do so and that

13  with all of his experience the delay in this case precipitated by him constituted more than

14  negligence, counsel's self-assessment of his actions was unduly harsh, noting the irony that

15  attorney negligence is treated more harshly than truly egregious attorney behavior for purposes of

16  evaluating entitlement to equitable tolling.  Despite petitioner's counsel's unstinting efforts to

17  heap opprobrium upon himself in service to his client, nothing that occurred in this record

18  approaches the level of egregiousness requisite for this court to find that petitioner should be

19  granted equitable tolling for the delayed filing of the first amended petition.  Therefore, the court

20  must recommend denial of the motion for leave to amend the second amended petition.

21          Accordingly, IT IS RECOMMENDED that petitioner's motion for leave to file a

22  second amended petition, filed on April 9, 2007, be denied, this matter proceed upon the

23  remaining claims of the first amended petition, that respondent be directed to file an answer,

24  _____

25      [11]  In most areas of life the less culpable one is, the less the punishment, or at least the
    greater chance for not losing a benefit.  However, for equitable tolling, the more culpable and
    egregious the actions of the attorney, the more the attorney, and hence the petitioner, benefits.  It

26  takes habeas corpus jurisprudence to acquire this seemingly perverse result.

13

1   within thirty days of adoption of these findings and recommendations, should that occur, and that

2   petitioner be directed to file a traverse within thirty days thereafter.

3           These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within ten days after service of the objections.  The parties are advised

9   that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: 02/04/08

                                        /s/ Gregory G. Hollows
12
                                        _____
13                                      UNITED STATES MAGISTRATE JUDGE

14  GGH:009
    tayl0860.mta

15

16

17

18

19

20

21

22

23

24

25

26